UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DONALD L. PARKER                                              CIVIL ACTION

VERSUS                                                        NO. 12-1942

MICHAEL J. ASTRUE, COMMISSIONER                               SECTION "C" (3)
SOCIAL SECURITY ADMINISTRATION

REPORT AND RECOMMENDATION

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for review of the decision of the Commissioner denying back pay and supplemental security income ("SSI") under Title XVI of the Social Security Act ("SSA").  Before the Court is Defendant's Motion to Dismiss [Doc. #14].  For the following reasons, IT IS RECOMMENDED that Defendant's Motion to Dismiss [Doc. #14] be GRANTED, and plaintiff's case be DISMISSED WITHOUT PREJUDICE.

I.      BACKGROUND

On May 31, 2011, plaintiff filed his current application for SSI benefits. The Commissioner approved plaintiff's application on August 17, 2011.  However, on October 14, 2011, the Commissioner notified plaintiff that he was terminating plaintiff's benefits because he is in prison.[1] Defendant asked plaintiff to contact the local Social Security office.  Based on plaintiff's inquiry regarding how to have his benefits reinstated, the Commissioner notified plaintiff on June 9, 2012,

---

[1] The Commissioner relies on 42 U.S.C. § 402(x), entitled "Limitation on payments to prisoners, certain other inmates of publicly funded institutions, fugitives, probationers, and parolees," and 20 C.F.R. § 416.211(a)(1) to support this finding.

to either have the institution in which he resides submit his paperwork or, if he was not in a penal institution, to come to the office and submit his discharge papers from prison.  Plaintiff failed to do so.  Instead, he filed the instant civil action.

## II.    STANDARD OF REVIEW

In considering a motion to dismiss, the Court must accept as true all well-pleaded facts and must draw all reasonable inferences from those allegations in plaintiff's favor.  *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).  To survive a Rule 12(b) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007);  *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (recognizing the *Bell* standard of review).  "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all allegations in the complaint are true (even if doubtful in fact)."  *Id.* at 555 (quotation marks, citations, and footnote omitted).  Plausible grounds "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" to support the claim.  "And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'"  *Id.* at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

To resolve a Rule 12(b)(6) motion, the Court is generally limited to considering only those allegations appearing on the face of the complaint.  However, matters of public record, orders, items appearing in the record of the case and exhibits attached to the complaint may be taken into account. *Chester County Intermediate Unit v. Pennsylvania Blue Shield*, 896 F.2d 808, 812 (3rd Cir. 1990). "Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if

they are referred to in the plaintiff's complaint and are central to [the] claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)).

**III.    Law and Analysis**

Before a claimant may request judicial review of a case arising under the SSA, a claimant must first exhaust all available administrative remedies. *See* 42 U.S.C. § 405(g). Congress has explicitly stated that, in claims arising under the SSA, judicial review is permitted only in accordance with Section 405(g). *See* 42 U.S.C. § 405(g)-(h). It is well settled that, "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). Moreover, where a right, such as the right to sue, is a creature of statute and the statute provides a special remedy, that remedy is exclusive. *See United States v. Babcock*, 250 U.S. 328, 331 (1919).

Congress has authorized judicial review *only* of a "final decision" of the Commissioner of Social Security made after a hearing. 42 U.S.C. § 405(g). Section 405(g) states:

> Any individual, *after any final decision of the Commissioner made after a hearing to which he was a party* . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow.

*Id.* (emphasis added). "[T]his provision clearly limits judicial review to a particular type of agency action." *Califano v. Sanders*, 430 U.S. 99, 108 (1977). The term "final decision" is undefined in the Act, and "its meaning is left to the [Commissioner] to flesh out by regulation." *Weinberger v. Salfi*,

3

422 U.S. 749, 767 (1975).

There has been no final decision by the Commissioner here after a hearing to which plaintiff was a party. Because plaintiff failed to have the institution in which he resides submit his paperwork[2] and/or failed to come to the office and submit his discharge papers from prison, he failed to exhaust his administrative remedies and never received a final decision from the Commissioner. *See Heckler v. Ringer*, 466 U.S. 602, 618-19 (1984) (finding dismissal appropriate because plaintiff failed to exhaust administrative remedies).

Plaintiff argues that this Court should have granted his motion for default judgment. But the District Court has already resolved that issue. [Doc. #13]. Plaintiff also contends that 42 U.S.C. § 402(x) does not apply to him because he is only a pre-trial detainee and has not yet been convicted. While that argument may have merit, there is no final decision from the Commissioner on that issue for this Court to review. As noted, plaintiff failed to provide relevant information on that issue to the Commissioner for him to resolve that issue. As such, these arguments have no merit.

### IV. Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that Defendant's Motion to Dismiss [Doc. #14] be GRANTED and that plaintiff's case be DISMISSED WITHOUT PREJUDICE for failure to exhaust administrative remedies.

### NOTICE OF RIGHT TO OBJECT

---

[2] The Court notes that plaintiff's address with the Court is "Donald L. Parker, 2175580, Templeman, 3000 Perdido Street, New Orleans LA 70119."

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b).  A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error.  *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 25th day of February, 2013.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**